SZABO *v.* FEILER.

1. NEGLIGENCE—MOTOR VEHICLES—QUESTION FOR JURY.
      Where, in an action for personal injuries received by plaintiff when he was knocked down by defendant's automobile, there was conflicting testimony as to when, where, and in what manner the collision occurred, the question of defendant's liability was properly submitted to the jury.

2. APPEAL AND ERROR—SETTING ASIDE JUDGMENT NON OBSTANTE VEREDICTO—VERDICT FOR PLAINTIFF REINSTATED WHERE DEFENDANT ASSIGNED NO ERRORS.
      The verdict for plaintiff is reinstated by the Supreme Court, on setting aside a judgment *non obstante veredicto* for defendant, where the latter assigned no errors.

Error to Wayne; Richter (Theodore J.), J.   Sub-

[1]Motor Vehicles, 28 Cyc. pp. 48, 49; [2]Appeal and Error, 4 C. J. § 3229.

:mitted April 29, 1927.     (Docket No. 157.)     Decided
June 6, 1927.

Case by John Szabo against Fred M. Feiler for personal injuries.    Judgment for defendant *non obstante veredicto*.    Plaintiff brings error.    Reversed, and judgment ordered entered on the verdict.

*Leroy G. Vandeveer,* for appellant.

*Hedley V. Richardson,* for appellee.

BIRD, J.    Plaintiff recovered, at the hands of a jury, a verdict of $500 against defendant in a personal injury case.    Upon motion of defendant, after verdict, the trial court set it aside and entered judgment for defendant.    The claim of the plaintiff is that, on the 8th day of September, 1923, between the hours of 7 and 8 o'clock in the evening, he left his home on Burdeno street, in the city of Detroit, and went a short distance to West Jefferson avenue, intending to go to a grocery store on the south side of the avenue. That when he got to the north edge of West Jefferson avenue he looked to the east for outbound traffic.    That he soon found a gap through which he traveled to the center of the street or to the north rail of the street car track.    He stopped here to observe whether there was any inbound or east bound traffic coming.    That while in this position a street car close by started toward him, and defendant, who was behind the car in his automobile, pulled out of the line to the left and passed to the left of the street car, and in doing so ran against and over plaintiff who was standing close to the street car track.    That as a result of the collision he was knocked unconscious, had three ribs broken, and suffered other bodily injuries.    That defendant took him to the Delray hospital where he remained for several days.

Defendant's account of the collision was that on

September 8, 1923, about 10 or 10:30 o'clock in the evening, he was driving west on West Jefferson avenue between Carey and Sloan streets, when plaintiff stepped out from between two parked cars on the north side of the street going toward the middle of the street, that he walked in front of his car and was struck, knocked down and injured; that he took him to the Delray hospital, took the number of his Ford badge, and went to the Ford plant and found that the Ford badge belonged to plaintiff.

Having reserved the right to direct a verdict *non obstante veredicto*, the court, upon motion of defendant after verdict, set aside the verdict and substituted one for defendant. Plaintiff assigns error on this action of the court.

Both parties agree that they had an accident on West Jefferson avenue on the evening of September 8, 1923. Both agree that plaintiff was knocked unconscious. Both agree that defendant took plaintiff to the Delray hospital. Plaintiff says he was the victim, and defendant that he learned from the number of his badge that it was plaintiff. The parties disagree as to the exact hour the accident occurred, and the exact location at which it occurred. They also disagree as to the manner in which it occurred. Plaintiff gave his version of the accident and was corroborated by witnesses. Defendant gave his version and was supported by witnesses. The parties were in sharp conflict on the questions, when, where, and in what manner the collision occurred. The trial court was right in submitting the question to the jury, as the disputed questions were questions of fact and in no sense questions of law.

The judgment will be set aside, and, as defendant has assigned no errors, the verdict of the jury will be reinstated, with costs to the plaintiff.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.